IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Tom Franklin,<br>    Plaintiff,<br><br>v.<br><br>GMAC,<br>    Defendant. | )<br>)<br>)<br>)  Civil Action No. 13-0046<br>)  Magistrate Judge Cynthia Reed Eddy<br>)<br>) |

**MEMORANDUM OPINION and ORDER**

Plaintiff Tom Franklin, a pro se litigant filed a "Petition for Declaratory Judgment" against GMAC, listing the Defendant's address as Fort Washington, PA, which is located in the Eastern District of Pennsylvania. The Plaintiff states his residence as Fort Worth, Texas. According to the Petition the action involves a foreclosure of property located in Fort Worth, Texas. There is no allegation in the Petition which would suggest any connection to the Western District of Pennsylvania, where the Plaintiff filed this action.

Pursuant to 28 U.S.C. § 1391 (b):

A civil action may be brought in—
    (1) A judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
    (2) A judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
    (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the c Court's personal jurisdiction with respect to such action.

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district, shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it should have been brought." 28 U.S.C. § 1406(a).

1

Therefore, it appearing that this action has been filed in the incorrect district,

IT IS HEREBY ORDERED that the Clerk of Court shall TRANSFER this case, FORTHWITH, to the United States District Court for the Eastern District of Pennsylvania;

IT IS FURTHER ORDERED that the Clerk of Court shall CLOSE this case.[1]

By the Court:

Cynthia Reed Eddy
Cynthia Reed Eddy
US Magistrate Judge

---

[1] Orders to transfer are not listed as dispositive in Local Rule 71.1.4. A Magistrate Judge may rule on such matters pursuant to 28 U.S.C. § 636(b)(1)(A). *See, e.g. Silong v. United States*, 2006 WL 948048, at *1 n.1 (M.D. Fla. 2006). *See also In re U.S. Healthcare*, 159 F.3d 142, 145 (3d Cir. 1998) (a dispositive order is one that "terminates the matter in the federal court"). This is true "because [the ruling] can only result in the transfer of a case to another federal district, not in a decision on the merits or even a determination of federal jurisdiction." *Adams v. Key Tronic Corp.*, 1997 WL 1864, at *1 (S.D.N.Y. 1997) (collecting cases). *See also Holley v. Robinson*, 2010 WL 1837797, *2 (M.D.Pa. 2010) (since "order transferring a case is not a dispositive final order in that case, this proposed transfer is a matter which lies within the authority of either the district court, or this [magistrate] court."); *Berg v. Aetna Freight Lines*, 2008 WL 2779294, at *1 (W.D.Pa. 2008) ("A motion to transfer venue pursuant to 28 U.S.C. § 1404(a) involves a non-dispositive pretrial matter which a magistrate judge may determine pursuant to 28 U.S.C. § 636(b)(1)(A)." (collecting cases)). Where an appeal is taken from a Magistrate Judge's ruling on a nondispositive motion the "clearly erroneous or contrary to law" standard of review applies. *See* 28 U.S.C. § 636(b)(1)(A) (stating standard of review for nondispositive matters); Fed. R. Civ, P. 72(a) (same); Local Rule 72.1.3(B) (same).